

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HERBERT L. BENDOLPH,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. 95-68-SLR
Civil Action No. 98-601-SLR

## MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO F.R.C.P. RULE 60 (b)(6)

COMES NOW, Herbert L. Bendolph, (Petitioner) filing Pro-Se and hereby moves this Honorable Court under F.R.C.P. Rule 60(b)(6), For the Court to review Petitioner's 2255 Motion, Petitioner will show "Extraordinary Circumstances", or for the Court to order an Evidentiary Hearing.

### SCOPE OF REVIEW

Federal Rule 60 (b) sets forth the grounds on which a court, in its discretion, can resind or amend a final judgment or order. In pertinent part, the rule authorizes a court to vacate a judgment upon motion and upon such terms as are just for (b)(1) mistake or excusable neglect, (b)92) newly discovered evidence which bu due diligence coult not have been discovered in time for a new trial under Rule 59(b), (b)(3) fraud... misrepresentation, or other misconduct of an adverse party, (b)(4) the judgment is void, (b)(5) the judgment has been satisfied, released, or discharged, ..., or (b)(6) any other reason justifying relief from the operation of the judgment. The purpose of the rule is to define the circumstance under which a party may obtain relief from a final judgment. It should be construed in order to do substantial justice, e.g., Greater Baton

Rouge Golf Ass'n vs. Recreation & Park Comm'n, 507 F.2d 227, 228-29 (5th Cir. 1975)

Rule 60 (b) has vested the district courts with the power "to vacate judgments whenever such action is appropriate to accomplish justice. See. Gonzales v. Crosby, 162 L.Ed.2d 480 (2005; Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864, 100 L.Ed.2d 855, 108 S.Ct. 2194 (1988)(quoting0 Klapprott v. United States 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949) Lee v. Autauga County Bd. of Educ., 59 F. Supp.2d 1199 (M.D. Ala. 1999), "On motion and opon such terms as are just, the court may relive a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) ... it is no longer equitable that the judgment shoulder have prospective application; or (6) **any other reason justifying relief from the operation of the judgment ....**" "Courts can modify a judgment when it is no longer equitable that the judgment should have prospective application. "Williams v. Butz, 843 F.2d 1335 (11th Cir. 1988); U.S. v. Cerceda, 172 F.3d 806 (11th Cir. 1999); Walter v. Blue Cross Blue Shiled United, 181 F.3d 1198 (11th Cir. 1999); American Bankers Ins. v. Notrhwestern Nat. Ins. 198 F.3d 1332 (11th Cir. 1999).

Bendolph had been dealt an unfair hand somethhing he had no control over, as well as his attorney had no control over the **ALTERED DOCUMENT** so this only leaves the Clerk of the Court after reading the letter from the Officer Of Bar Counsel that is attached to this Motion as Exhibit.

## FACTUAL BACKGROUND

Petitioner is a layman at law and this Honorable Court should construe the facts of this case under Authority of Ferrita

--2--

v. California, 422 U.S. 806 and also <u>Haines vs. Kerner</u>, 92 S.Ct. 594, That a Pro-Se pleading is not to be held to the same standards as thoses drafted by lawyers. "Equitable Tolling is warranted in the instant case at Barr, Due to the error of the Clerk's Office.

The Petitioner filed an appeal to the Third Circuit, which appeal affirmed by judgment order dated May 5th 1997. The Court of Appeals entered a certified copy of its judgment in lieu of a formal mandate on May 27, 1997. That document noted that the judgment was entered on May 5, 1997, amd that the certified copy of the judgment in lieu of a formal mandate was entered on May 27, 1997.

In Petitioner's trial and his direct criminal appeals the Petitioner was representewd by a federal public defender. On August 25, 1997, she filed on the Petitioner's behalf a petition for a writ of certiorari. A copy of the court of appeals certified judgment entry in lieu of a formal mandate filed with the certiorari petition appears to have the "5" in "May 5 1997" typed over such that the date of judgment of the court of appeals appears to be "may 27 1997".

On October 18, 1998, Petitioner filed his Motion to Vacate Set Aside. or Correct his sentence pursuant to 28 U.S.C. § 2255, Then on December 17, 1998 the Government filed it's response to Petitioner's :2255 Motion. On May 21, 1999 Petitioner filed his traverse to the Government's response. On August 22, 2000, this Honorable Court placed an Order dismissing the Petitiner's §2255 Motion as being time barred due to the standards set forth in the AEDPA statute of limitations, and also claim that the last decision rendered was on May 12, 1997, by the United States Court

--3--

of appeals for the Third Circuit.

In September 2000, Petitioner filed his response to the Court's order showing where certiorari was filed in the instant case on August 25, 1997, and denied on October 20, 1997. The Petitioner also in his response brought to this Honorable Court's attention that the writ for certiorari was filed on the date that the mandate was issued by the Third Circuit, which was filed by the Attorney, Penny Marshall.

On September 20, 2000, the Government filed it's response to the Court's order. In this response the Government argument was based on the fact that Petitioner's Attorney Penny Marshall had filed an out of time petition for certiorari to the United States Supreme Court and that the Petitioner's §2255 Motion was untimely filed.

On October 6, 2000, the Petitioner filed his "Motion to reinstate Petitioner's §2255 Motion, and Motion to Strike Government's Response to the Court's Order of August 22, 2000. In this pleading the Petitioner argued that "Equitable Tolling" was warranted citing many citations. Petitioner's main case rested on Baskin v. United States, 998 F.Supp. 188 (D.Conn 1998), in which the Third Circuit also adopted. See Kapral v. United States, 166 F.3d 565, 575 (3rd Cir. 1999).

On October 17, 2000, the Government filed its response to "Petitioner's §2255 Motion and Motion to Strike Government's Response to the Courts order of August 22, 2000.

The petitioner took an appeal and the Third Circuit entered a certificate of appealability, and it appointed Attorney David R. Fine as pro bono counsel.

--4--

In reviewing the files, pro bono counsel discovered the altered date. and the petitioner argued that he and the Court was misled by the altered date and did not know he could not rely on the October 20, 1997, denial of certiorari as the trigger date for the one-year limitation for filing.

A three-judge panel of the Third Circut heard consolidated oral arguments in Bendolph and three other cases. The En banc court delivered its decision on May 16, 2005. The majority agreed with the decision of a three-judge panel of the Third Circuit in Long v. Wilson (a Section 2254 case) that a district judge may sua sponte raise the AEDPA's statute of limitations.

On March 29, 2007 the Petitioner received a letter from the Office of Bar Counsel in the letter and from reading the letter the petitioner belives the altered document had to come from the Courts at one time he thought the altered document came from his Attorney but from reading the letter the petitioner has a different out look on this problem and therefore he asks this Honorable Court to correct this great injustice. See Exhibit 1.

### EQUITABLE TOLLING ARGUMENT

The Third Circuit and the Courts elsewhere, have determined that "equitable tolling is appropriate under the ADEPA if extra ordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. See Letter from Bar Counsel; Furr v. Robinson, 200 WL 152147, at *2 (E.D. Va. Jan 13, 2000) See also Moore v. United States, 173 F.3d 1131, 1133 (8th. Cir. 1999); Kapral v. United States, 166 F.3d 565, 576 (3rd Cir. 1999; Caldren v. United States Dist. Ct., 163 F.3d 530, 541 (9th. Cir. 1998); United States v. Griffin, 58 F. Supp.2d 863,

--5--

868 (N.D. ILL. 1999). There is further authority to suggest such extraordinary circumstances exist when the prisoner is unaware that his conviction has become final until after the one-year limitations period has expired. See Baskin v. United States, 998 F.Supp. 188, 190 (D.Conn. 1998)(one-year statute of limitations equitably tolled when petitioner's counsel failed to notify him of the denial of certiorari until thirteen months after it occured); See also Vasques v. Greiner, 68 F.Supp.2d 310 (S.D.N.Y. 1999) (factual dispute as to when petitoner first learned of the finality of his conviction precluded dismissal of the petition as untimely).

In Miller v. New Jersey State Dept. of Corr, 145 F.3d 616 (3rd Cir. 1998) the court determined that AEDPA's one-year filing requirement is a ststute of limitations, not a jurisdictional rule, and thus a habeas petition shaould not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period. The Court observed in Miller that "equitable tolling is proper only when the 'principles of equity would make the rigid application of a limitation period unfair.'"Id. at 618(quoting Shendock v. Director, Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990)(in banc) (punctuation marks omitted). This "unfairness" generally occures "when the petitoiner has in some extraordinary way ... been prevented from asserting his or her rights.'" Id.(quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F3d 1380 (3d Cir. 1994) Finally the Court noted that "the petitioner must show that he or she 'exercised reasonable diligence in invertigation and bringing [the] claims ...' Mere excusable neglect is not sufficient." See. Jones v. Morton, 195 F3d. 153 (3d Cir. 1999.

--6--

Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." Johnson v. Nyack Hosp. 86 F.3d 8, 12 (2d Cir. 1996). In Smith v. McGinnis, the Court said that in habeas cases, "[e]quitable tolling applies only in ... 'rare and exceptional circumstances, 208 F.3d at 17 (first alteration in original, second alteration added)(quoting Turner v. Johnson, 177 F3d 390, 391-92 (5th Cir. (per curim), cert denied ___ U.S. ___, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999), and that a habeas petitioner seeking equitable tolling must show that extraordinary circumstances prevented him from filing his petition on time, "id (citing Johnson v. Nyack Hosp., 86 F3d. at 12.)(2d Cir. 1996).(noting that this Court has applied equitable tolling doctrine '" as a matter of fairness where a plaintiff has been prevented in some eztraordinary way from exercising his rights ....'")(citation omitted). In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll. Valverde v. Stinson, 224 F.3d 129 (2nd Cir. 2000) See also Smith v. McGinnis, 208 F.3d 13 (2nd Cir. 2000).

## CONCLUSION

If a petitioner demonstrates that extraordinary circumstances did prevent him from filing on time and that he or she is therefore entitled to equitable tolling, petitioner presents to this Honorable Court a letter from the Office of the Bar Counsel, Dated March 29, 2007 the petitioner with this letter has shown "Clear and Convincing evidence that hs is entitled to equitable tolling and therefore his :2255, Motion should be heard

by this Honorable Court, The Petitioner asks this Honorable Court to review his Rule 60b-6 Motion and due to the errors beyond the petitioners control, Grant this Motion and Vacate the Judgment and Rule on Petitioners 2255 Motion and correct this injustice.

Respectfully submitted,

*Herbert Bendolph*
Herbert Bendolph
#03725-015
FCI Marianna
P.O. Box 7007
Marianna, Florida 32447-7007

### CERTIFICATE OF SERVICE

I, Herbert Bendolp hereby certify that I have this 15 day of April, 2007, served a copy of the above pleading upon the U.S. Attorney by dropping same in the mail, with proper postage affixted thereto and addressed as follows:

United States Attorney's Office
District of Delaware
1201 Market Street, Suite 1100
Wilmington, DE 19899-2046

Signed under the penalty of perjury this 15 day of April 2007

*Herbert Bendolph*

--8--