IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Criminal Action No. 95-68-SLR |
| : | |
| HERBERT L. BENDOLPH, : | |
| : | |
| Defendant. : | |

**OPPOSITION OF THE UNITED STATES TO
DEFENDANT'S MOTION PURSUANT TO FED. R. CIV. P. 60(b)(6)**

COMES NOW, the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang, Assistant United States Attorney, and respectfully opposes Defendant's "Motion For Relief From Judgment Pursuant to F.R.C.P. Rule 60(b)(6)." (Doc. No. 105.) In opposition to the Motion, the United States submits the following:

1. Defendant, acting pro se, seeks relief from the Court's order of January 2, 2001 which denied as untimely Defendant's application for habeas corpus relief pursuant to 28 U.S.C. § 2255. (Doc. No. 91.) Defendant claims he is entitled to equitable tolling of the one-year statute of limitations that applies to § 2255 motions. (Doc. No. 105 at 7-8); 28 U.S.C. § 2255; Miller v. NJ State Dep't of Corrs., 145 F.3d 616, 619 n. 1 (3d Cir. 1998).

2. Defendant claims he is entitled to equitable tolling because his attorney failed to timely file a petition for a writ of certiorari with the United States Supreme Court. (Doc. No. 105 at 4-5.)

3. Defendant already raised this same argument before this Court, and this Court held that Defendant was not entitled to equitable tolling because of his attorney's error.

See Bendolph v. United States, Crim. No. 95-68-SLR, Civ. No. 98-601-SLR, 2001 WL 641084, at *2 (D. Del. Jan. 2, 2001) ("Furthermore, any mistake or miscalculation by petitioner's counsel regarding the applicable statute of limitations does not warrant equitable tolling.") (collecting cases).

4. Defendant appealed this Court's January 2, 2001 Order to the Court of Appeals for the Third Circuit, which affirmed this Court's order in an en banc decision. (Doc. No. 100.)

5. Although a four-judge minority of the Third Circuit would have remanded Defendant's case to explore the equitable tolling issue, see United States v. Bendolph, 409 F.3d 155, 170 (3d Cir. 2005) (dissenting opinion), the majority opinion held that Defendant's § 2255 petition was not timely filed, and ruled that it must be dismissed, see id. at 169.

6. Defendant then sought a writ of certiorari from the Supreme Court, which was also denied. Bendolph v. United States, 126 S. Ct. 1908 (2006).

7. On April 23, 2007, Defendant filed the present motion pursuant to Fed. R. Civ. P. 60(b)(6) again asserting that he is entitled to equitable tolling.

8. The only new matter the Defendant points to in support of his motion is a letter from the District of Columbia Office of Bar Counsel to his former attorney, Penny Marshall, which concludes that although Ms. Marshall failed to timely file Defendant's petition for a writ of certiorari, that "one-time failure" did not rise to the level of an ethical violation. (Doc. No. 105 Ex. I at 3.) However, this Court has already rejected Defendant's claim that he is entitled to equitable tolling based on his attorney's error, a ruling that was upheld by the Third Circuit.

9. Accordingly, because Defendant's motion does not point to anything that would cause this Court to reject its earlier holding (a holding that was upheld on appeal), Defendant's

motion should be denied.

                                  Respectfully submitted,

                                  COLM F. CONNOLLY
                                  United States Attorney

                                  /s/ Seth M. Beausang
                                  Seth M. Beausang (I.D. No. #4071)
                                  Assistant United States Attorney
                                  1007 N. Orange Street, Suite 700
                                  Wilmington, Delaware 19801
Dated:  May 11, 2007.                 (302) 573-6277

**CERTIFICATE OF SERVICE**

       I, Seth M. Beausang, hereby attest under penalty of perjury that on this 11th day of May, 2007, I caused two copies of the Opposition of the United States to Defendant's Motion Pursuant to Fed. R. Civ. P. 60(b)(6) to be served by First Class Mail on the pro se Plaintiff at the following address:

Herbert Bendolph
#03725-015
FCI Marianno
P.O. Box 7007
Marianna, Florida 32447-7007

                                                /s/ Seth M. Beausang
                                          Seth M. Beausang (De. I.D. No. 4071)