IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Crim. A. No. 95-68-SLR ) Civ. A. No. 05-571-SLR ) |
| HERBERT L. BENDOPLH, | ) ) |
| Defendant. | ) |

**O R D E R**

At Wilmington this 12th day of June, 2007;

IT IS ORDERED that:

Defendant Herbert L. Bendolph's "Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b)(6)" is DENIED. (D.I. 105)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 125 S.Ct. 2641, 2645 (2005). A court may grant a Rule 60(b) motion only in extraordinary circumstances. Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). When a petitioner files a Rule 60(b) motion after the dismissal of a federal habeas petition, a federal court must first determine whether the motion constitutes a second or successive habeas petition requiring prior approval by the appropriate court of appeals. Pridgen v. Shannon, 380 F.3d 721, 726-27 (3d Cir. 2004). The United States Supreme Court has held that a Rule 60(b) motion that challenges "some defect in the integrity of the federal habeas

proceedings" should not be treated as a second or successive habeas petition. Gonzalez, 125 S.Ct. at 2649. Additionally, the Third Circuit Court of Appeals has explained that, if the Rule 60(b) motion attacks the "manner in which the earlier habeas judgment was procured and not the underlying conviction," then the Rule 60(b) motion is not a second or successive habeas challenge. Pridgen, 380 F.3d at 727.

In 1998, Defendant filed a motion to correct, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 65) The court denied the § 2255 motion as time-barred, and the Court of Appeals for the Third Circuit affirmed that judgment. (D.I. 90; D.I. 99; D.I. 100); U.S. v. Bendolph, 409 F.3d 155 (3d Cir. 2005). Defendant's instant Rule 60(b) motion asserts that the court erred in denying his § 2255 motion as time-barred, and he argues that the statute of limitations should be equitably tolled due his attorney's failure to timely file a petition for a writ of certiorari with the United States Supreme Court. Accordingly, the court concludes that defendant's Rule 60(b) motion is a traditional motion for reconsideration, and not a second or successive § 2255 motion.

Nevertheless, defendant's Rule 60(b)(6) motion re-asserts the same equitable tolling argument raised in his § 2255 motion. The court considered and rejected defendant's equitable tolling argument when it denied defendant's § 2255 motion, and the Third Circuit affirmed that decision. Defendant's motion does not assert any reason warranting reconsideration of the court's conclusion that his § 2255 motion was time-barred. Therefore, the court denies defendant's Rule 60(b)(6) motion.

_____
UNITED STATES DISTRICT JUDGE

2