BLD-13  October 12, 2007
UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **07-2892**

UNITED STATES OF AMERICA

   vs.

HERBERT L. BENDOLPH

   (D. Del. Crim. No. 95-cr-0068)

Present:    MCKEE, RENDELL and SMITH, Circuit Judges

    Submitted are:

(1)    Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1);

(2)    Appellee's motion for summary affirmance; and

(3)    Appellant's response to motion for summary affirmance, in the above-captioned case.

    Respectfully,

    Clerk

MMW/BNB/slc

ORDER

The foregoing request for a certificate of appealability is denied. Accordingly, we do not reach the submission for summary action. Because Appellant challenged the District Court's conclusion that his § 2255 motion was untimely and that he was not entitled to equitable tolling, the argument was properly raised in a motion under Fed. R. Civ. P. 60(b). See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). The Court reviews the District Court's disposition of a Rule 60(b) motion for abuse of discretion. See, e.g., Reform Party of Allegheny County v. Allegheny County Dept. of Elections, 174 F.3d 305, 311 (3d Cir. 1999). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Bougher v. Secretary of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978). The District

Court did not abuse its discretion in denying appellant's Rule 60(b) motion, which reasserted arguments that had been rejected by the District Court when it denied Appellant's § 2255 motion, and by this Court when we affirmed the dismissal of the § 2255 motion as untimely.  See United States v. Bendolph, 409 F.3d 155, 170 (3d Cir. 2005) (en banc).

By the Court,

/s/ Theodore A. McKee
Circuit Judge

Dated:  November 8, 2007
SLC/cc: Mr. Herbert Bendolph
        Seth M. Beausang, Esq.



**A True Copy**

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.